# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| KESTERS MERCHANDISING DISPLAY, INTERNATIONAL, INC.<br><br>*Plaintiff,*<br><br>vs.<br><br>SURFACEQUEST, INC.,<br><br>*Defendant.* | Case No. 21-CV-2300-EFM |

## MEMORANDUM AND ORDER

Plaintiff Kesters Merchandising Display International, Inc., and Defendant SurfaceQuest, Inc., have filed cross-motions for summary judgment. In conjunction with their motions, Plaintiff and Defendant each provisionally filed under seal the memorandum in support of their motion and certain exhibits. Under D. Kan. Rule 5.4.2, if any proponent of provisionally sealed documents "seeks to maintain any portion of the document under seal, or . . . with redactions, [that party] must file a motion to seal or redact."[1] Before the Court are Defendant's Motion to Seal or Redact (Doc. 229), and Plaintiff's Motion to File under Seal or Redact (Doc. 230). For the following reasons, the Court grants in part and denies in part the parties' motions.

---

[1] D. Kan. R. 5.4.2(c).

### I. Legal Standard

Federal courts have long recognized a common law right of access to judicial records.[2] This is "particularly so where the district court use[s] the sealed documents to determine litigants' substantive legal rights."[3] This right, however, is not absolute.[4] "The presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public's interest in access."[5] The burden is on the party seeking to seal or redact the information to identify a significant interest that outweighs the presumption.[6]

Under D. Kan. Rule 5.4.2(c), a motion to seal or redact must include: (1) a description of the specific portions of the document the proponent asks to be sealed or redacted; (2) the confidentiality interest to be protected and why that interest outweighs the presumption of public access; (3) injury that would result in the absence of restricting access; (4) why no lesser alternative will adequately protect the confidentiality interest in question; and (5) the extent to which the motion is opposed.[7]

### II. Analysis

**A.   Defendant SurfaceQuest's Motion to Seal or Redact (Doc. 229)**

Defendant's motion seeks to seal or redact its memorandum in support of its motion for summary judgment (Doc. 221), four exhibits in support of Defendant's memorandum (Docs. 221-

---

[2] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citations omitted).

[3] *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (internal quotation marks and citations omitted).

[4] *Mann*, 477 F.3d at 1149.

[5] *Id*. (internal quotation marks and citation omitted).

[6] *Id.*

[7] The parties have indicated that the pending motions are unopposed.

1, 221-2, 221-9, and 221-10), Plaintiff's memorandum in support of Plaintiff's motion for summary judgment (Doc. 226), and two exhibits in support of Plaintiff's memorandum (Docs. 226-5 and 226-13).

Defendant first asks to seal or redact Docs. 221, 221-1, 221-2, 221-9, 221-10, 226, and 226-13 because they refer to testimony and information of a third-party, CG Witvoet, and its relationship with a mutual customer/end user. According to Defendant, CG Witvoet testified that it has a non-disclosure agreement with a mutual customer of Defendant's. Defendant is concerned with inadvertently causing CG Witvoet to violate its non-disclosure agreement. As an alternative to sealing, Defendant has proposed redactions of the documents.

The Court denies Defendant's request to seal or redact this information without prejudice. Defendant has not provided any information as to the terms of CG Witvoet's nondisclosure agreement with the mutual customer, and therefore, the Court cannot discern whether CG Witvoet's confidentiality interest outweighs the presumption of public access.[8] Furthermore, to the extent Defendant has proposed redactions, especially in the memorandum in support of its motion for summary judgment, they appear overbroad. In its memorandum, Defendant seeks to redact entire factual statements when perhaps the most narrowly tailored redaction would be the customer's name alone.

Defendants further seek to protect pricing information and certain customer names that are "sensitive" and "confidential" in Docs. 221-1, 221-9, 221-10, and 226-5. The Court agrees that the risk of harm in disclosing pricing information outweighs the public's interest in accessing the

---

[8] The Court notes that many non-disclosure agreements contain provisions allowing disclosure pursuant to a court order, which could protect CT Witvoet in this instance.

information.  To narrowly tailor this interest, the Court finds that redacting the documents, as Defendant has proposed, is appropriate.  However, as to the customer names Defendant seeks to seal, Defendant has not met its burden.  The fact that information is designated "confidential" is not sufficient to overcome the presumption of access.  Defendant has not come forward with any other reason as to why it is required to keep these names confidential, and thus the Court must deny its request to seal the information.

Finally, the Court notes that in support of its motion, Defendant argues that "there is no public interest in the disclosure of the information discussed above.  Thus, Defendant's request to protect this information from public disclosure outweighs any public interest in its disclosure." But the Tenth Circuit has held that the public does have an interest—one in accessing judicial records, especially those records used to determine the rights of the parties.[9]  Defendant's argument misinterprets the law, and therefore, does not offer a persuasive reason as to why the Court should seal the information.

Accordingly, Defendant's motion to seal or redact is granted to the extent Defendant seeks to redact pricing information in Docs. 221-1, 221-9, 221-10, and 226-5.  These documents will remain under seal.  Defendant's motion is denied without prejudice to the extent it seeks to seal or redact customer information within all of the provisionally filed documents.  Defendant has 14 days from the date of this order to file a new motion to seal or redact.  If it does not, then the Court will unseal the remaining documents in docket entry 221, and Defendant must file redacted versions of Docs. 221-1, 221-9, 221-10 and 226-5.  To the extent Defendant will be redacting

---

[9] *Pickard*, 733 F.3d at 1302.

information in the same exhibits in which Plaintiff will be redacting information, the Court directs the parties to work together to ensure that appropriately redacted exhibits are filed on the docket.

**B.      Plaintiff's Motion to Seal or Redact (Doc. 230)**

Plaintiff seeks to seal or redact Defendant's memorandum in support of its motion for summary judgment (Doc. 221), ten exhibits in support of Defendant's memorandum (Docs. 221-3, 221-5, 221-6, 221-7, 221-8, 221-11, 221-12, 221-14, 221-16, 221-17), Plaintiff's memorandum in support of Plaintiff's motion for summary judgment (Doc. 226), and four exhibits in support of Plaintiff's motion for summary judgment (Docs. 226-1, 226-2, 226-3, 226-8).

Plaintiff first seeks to seal or redact Defendant's memorandum and Plaintiff's memorandum in support of their motions for summary judgment because they contain "references to customer information that KMDI is under an obligation to keep confidential." This bald assertion does not meet the standard for sealing. Furthermore, the Court has reviewed Plaintiff's proposed redactions and find them to be overbroad. Plaintiff seeks to redact Defendant's entire argument concerning Plaintiff's claim for lost profits. Both Plaintiff's claim for damages and the amount it seeks as lost profits has already been publicly disclosed in the Pretrial Order and thus should not be sealed.

Next, Plaintiff asks the Court to seal or redact the remaining exhibits because they contain "numerous references to highly confidential pricing formulas of KMDI, customer data that KMDI is contractually obligated to keep confidential, proprietary sample images, images of projects KMDI is required not to publish, and payroll and financial information of KMDI that was produced as highly confidential under the protective order." First, the Court notes that Plaintiff's general reference to this information within 14 exhibits does not meet D. Kan. Rule 5.4.2(c)'s requirement of a "description of the specific portions of the document" wherein each confidentiality interest

lies. Second, Plaintiff's general assertion that it must keep this information "confidential" or that it was produced as "highly confidential" during discovery is not sufficient to overcome the presumption of access. Third, to the extent Plaintiff seeks to redact this information from the exhibits, the Court finds Plaintiff's proposed redactions to be overbroad. For instance, Plaintiff seeks to redact a generalized questions as to whether the product can be reverse engineered (Doc. 221-6) or what is Plaintiff's record retention policy (Doc. 221-12). None of this information is referenced in Plaintiff's Motion to Seal or Redact, nor is it appropriate for sealing.

Plaintiff, like Defendant, also argues that the public has no interest in the disclosure of the information it seeks to seal. Again, this is contrary to Tenth Circuit law, which states that the public does have an interest, particularly where the information is used to determine the rights of litigants as is the case here. Thus, this argument is not persuasive.

The Court recognizes that Plaintiff's interest in its pricing information outweighs the presumption of access. Therefore, the Court grants Plaintiff's request to redact this information.

Accordingly, the Court grants Plaintiff's request to redact the pricing information from the provisionally sealed exhibits. To the extent Plaintiff seeks to seal or redact additional information, its motion is denied without prejudice. Plaintiff has 14 days from the date of this Order to file a new motion to seal or redact. If Plaintiff does not file a new motion to seal or redact, it must notify the Court as to which provisionally sealed exhibits contain the pricing information, so that these documents may remain under seal. To the extent Plaintiff will be redacting the same exhibits as Defendant, the parties must work together to file appropriately redacted versions of the exhibits on the docket.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Seal or Redact (Doc. 229) is **GRANTED IN PART AND DENIED (WITHOUT PREJUDICE) IN PART**. Defendant has

14 days from the date of this Order to file a new motion to seal or redact. The clerk is directed to keep the provisional designation on DE 221 and the documents within DE 221 will remain sealed for now. If Defendant does not file a new motion, then DE 221-1, 221-9, 221-10, and 226-5 will stay sealed, and the Clerk will unseal the remaining exhibits within DE 221.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal or Redact (Doc. 230) is **GRANTED IN PART AND DENIED (WITHOUT PREJUDICE) IN PART**. Plaintiff has 14 days from the date of this Order to file a new motion to seal or redact. The Clerk is directed to keep the provisional designation on DE 226 and the documents within DE 226 will remain sealed for now. If Plaintiff does not file a new motion to seal or redact, Plaintiff must notify the Court by that date which exhibits contain pricing information so that they may remain sealed. The remaining exhibits in DE 226 will then be unsealed by the Clerk.

**IT IS FURTHER ORDERED** that to the extent the parties file redacted versions of the same exhibit, the parties must work together to ensure all information is appropriately redacted.

**IT IS SO ORDERED**.

Dated this 23rd day of February, 2024.

*[signature]*

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

-8-